## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Scott Rasmussen,

        Plaintiff,

                                        **MEMORANDUM OPINION**

   v.                                 **AND ORDER**

                                            Civ. No. 07-4093 ADM/JSM

Andersen Corporation,

        Defendant.

_____

Howard L. Bolter, Esq., Borkon, Ramstead, Mariani, Fishman & Carp, Ltd., Minneapolis, MN, argued on behalf of Plaintiff.

David M. Wilk, Esq., Larson King, LLP, St. Paul, MN, argued on behalf of Defendant.

_____

## I. INTRODUCTION

On January 11, 2008, the undersigned United States District Judge heard oral argument

on Defendant Andersen Corporation's ("Andersen") Motion to Dismiss [Docket No. 3]. In his

Amended Complaint [Docket No. 19], Plaintiff Scott Rasmussen ("Rasmussen") asserts claims

under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-

1461. For the reasons set forth below, Andersen's Motion to Dismiss is denied.

## II. BACKGROUND[1]

Andersen employed Rasmussen from April 12, 1999, through February 16, 2006. Am.

Compl. ¶ 4. Andersen is the plan administrator of the Andersen Corporation Long Term

_____

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

Disability Plan (the "LTD plan").  Wilk Aff. [Docket No. 7] Ex. 1.[2]  The LTD plan provides

benefits to Andersen employees who become disabled.  Id. at 10.  An Andersen employee must

submit proof of loss and must be disabled for a qualifying period of 180 days before LTD

benefits are payable.  Id. at 5, 18.  If an employee submits proof of loss more than 180 days after

the end of the qualifying period, the employee's LTD benefits are reduced by thirty percent.  Id.

at 18.

On March 20, 2003, Rasmussen was injured at work.  Am. Compl. ¶ 6.  On April 1, 2003,

Rasmussen requested that Mike Gallowitz ("Gallowitz"), an Andersen benefits case worker,

send him all necessary workers' compensation short term disability ("STD") and LTD forms.  Id.

¶ 7.  Within a week, Rasmussen received STD forms.  Id. ¶ 8.  On April 8, Rasmussen left a

voice mail asking Gallowitz to verify that Rasmussen needed to complete only STD forms at that

time.  Id.  When Gallowitz failed to respond, Rasmussen concluded that the STD forms were the

only forms he was required to submit.  Id.

On November 18, 2004, Andersen sent LTD forms to Rasmussen.  Id. ¶ 10; Bolter Aff.

[Docket No. 16] Ex. 1.  By December 8, 2004, Rasmussen submitted his claim for LTD benefits

to the insurance carrier for the LTD plan.  Am. Compl. ¶ 12.  In a March 7, 2005, letter, the

insurance carrier notified Rasmussen that his claim for LTD benefits was approved for $2,515

per month.  Id. ¶ 13; Bolter Aff. Ex. 4.  However, the letter stated that Rasmussen's LTD

benefits would be reduced by thirty percent because Rasmussen submitted his proof of loss more

than 180 days after the end of his qualifying period.  Am. Compl. ¶ 13; Bolter Aff. Ex. 4.

---

[2] The Court may consider documents that are central to the Amended Complaint without
converting Andersen's Motion to Dismiss into a motion for summary judgment.  See Stahl v.
Dep't of Agric., 327 F.3d 697, 700-01 (8th Cir. 2003).

According to the letter, Rasmussen's qualifying period began on September 17, 2003.[3]  Am. Compl. ¶ 13; Bolter Aff. Ex. 4.  The insurance carrier's March 7, 2005, letter did not provide a description of the LTD plan's procedures for review of an adverse benefit determination, nor did the letter notify Rasmussen of his right to bring a civil action under ERISA following an adverse benefit determination on review.  Bolter Aff. Ex. 4.

On October 18, 2005, Rasmussen faxed a letter to the insurance carrier appealing the thirty-percent reduction on the grounds that he did not receive the LTD forms from Andersen until November 2004.  Am. Compl. ¶ 14; Bolter Aff. Ex. 2.  In a November 9, 2005, letter, the insurance carrier upheld the thirty-percent reduction.  Am. Compl. ¶ 15; Bolter Aff. Ex. 6.  The insurance carrier cited a policy provision stating that Andersen was not the insurance carrier's agent, and that the insurance carrier was not liable for Andersen's acts or omissions.  Bolter Aff. Ex. 6.  The November 9, 2005, letter provided notice of the LTD plan's review procedures and of Rasmussen's right to bring a civil action following an adverse benefit determination on review.  Id.

On April 23, 2007, Rasmussen notified Andersen of his contention that Andersen was responsible for the thirty-percent benefit reduction.  Am. Compl. ¶ 16.  In a May 31, 2007, letter, Andersen denied responsibility for the thirty-percent reduction.  Id. ¶ 17; Bolter Aff. Ex. 5.  On September 26, 2007, Rasmussen filed the instant lawsuit.  Compl. [Docket No. 1].

---

[3] The Amended Complaint does not specify whether Rasmussen worked between March 20, 2003, and September 17, 2003.

## III. DISCUSSION

**A.      Standard of Review**

In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.  "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "must contain . . .  a short and plain statement of the claim showing that the pleader is entitled to relief."  A pleading must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**B.      Whether Rasmussen's ERISA Breach-of-Fiduciary-Duty Claim is Timely**

Count One of the Amended Complaint asserts that Andersen breached its fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, by failing to timely provide LTD forms to Rasmussen. Am. Compl. ¶ 20.  Andersen argues that Count One is untimely under ERISA § 413, 29 U.S.C. § 1113.  The parties agree that the relevant limitations period under ERISA § 413(2) is "three years after the earliest date on which the plaintiff had actual knowledge of the breach of violation."  "Because [ERISA § 413] requires 'actual knowledge *of the breach or violation*,' a plaintiff must have 'actual knowledge of all material facts necessary to understand that some

4

claim exists.'"  Brown v. Am. Life Holdings, Inc., 190 F.3d 856, 859 (8th Cir. 1999) (quoting

Gluck v. Unisys Corp., 960 F.2d 1168, 1177 (3d Cir. 1992)).

Andersen contends that Rasmussen had actual knowledge of Andersen's alleged breach

by April 8, 2003, when Rasmussen left a voice mail requesting that Gallowitz verify that the

STD forms were the only forms Rasmussen needed to complete at that time.  As a result,

Andersen argues that Rasmussen "knew on April 8, 2003, that he had not received forms or any

other information regarding long term disability benefits."  Def.'s Mem. [Docket No. 6] at 6.

However, although Rasmussen was aware on April 8, 2003, that he had only received STD

forms, the facts alleged in the Amended Complaint make plausible Rasmussen's claim that he

had no actual knowledge he was required to submit any other forms until Andersen sent him the

LTD forms in November 2004.  Am. Compl. ¶¶ 9-11.  Assuming the facts of the Amended

Complaint are true, Rasmussen did not have actual knowledge of Andersen's alleged breach of

its fiduciary duty to timely provide requested forms until November 2004.  Rasmussen filed this

litigation in September 2007, which is within three years of November 2004.  Therefore,

Andersen's motion to dismiss Rasmussen's ERISA breach-of-fiduciary-duty claim is denied.

## C.    Whether Rasmussen's Other Claims are Timely

Count Two of the Amended Complaint asserts that Andersen's conduct "caused

[Rasmussen] to lose 30% of his benefits to which he was entitled under the LTD policy per 29

U.S.C. § 1132(a)(1)(B)."[4]  Am. Compl. ¶ 23.  Count Three claims that Andersen's conduct "was

---

[4] ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a
civil action "to recover benefits due to him under the terms of his plan."

a failure to comply with ERISA claims procedures in violation of 29 U.S.C. § 1133."[5]  Andersen

argues that these claims are untimely.  The parties agree that Eighth Circuit precedent recognizes

that "ERISA contains no limitations period [for these claims], and Minnesota's two-year statute

of limitations governing contract actions to recover unpaid benefits applies."  Abdel v. U.S.

Bancorp, 457 F.3d 877, 880 (8th Cir. 2006); Def.'s Mem. at 7; Pl's Opp'n [Docket No. 14] at 7.

"The question of claim accrual, however, is governed by federal common law."  Abdel, 457 F.3d

at 880.  "In a federal question case, and in the absence of a contrary directive from Congress, the

'discovery rule,' according to which a plaintiff's cause of action accrues when he discovers, or

with due diligence should have discovered, the injury that is the basis of the litigation, is used to

determine when a plaintiff's federal claim accrues."  Union Pac. R.R. Co. v. Beckham, 138 F.3d

325, 330 (8th Cir. 1998).  The Eighth Circuit "ha[s] given conflicting signals about whether an

ERISA claim accrues at the time of the initial denial or after the timely exhaustion of

administrative remedies under the plan."  Abdel, 457 F.3d at 881.

　　　　For the purpose of Andersen's Motion to Dismiss, the Court will follow the parties'

assumption that an ERISA denial-of-benefits claim accrues at the time of the initial denial.  See

Def.'s Mem. at 8; Pl.'s Opp'n at 7-8.  Rasmussen argues that the insurance carrier's March 7,

2005, letter was not a formal denial of benefits because it failed to notify Rasmussen of his

administrative remedies under the LTD plan and of his right to bring a cause of action.  Such

---

[5] ERISA § 503, 29 U.S.C. § 1133, states that in accordance with Department of Labor
regulations, "every employee benefit plan shall . . . provide adequate notice in writing to any
participant or beneficiary whose claim for benefits under the plan has been denied . . . and . . .
afford a reasonable opportunity to any participant whose claim for benefits has been denied for a
full and fair review by the appropriate named fiduciary of the decision denying the claim."

notice is required by 29 C.F.R. § 2560.503-1(g)(1)(iv).[6]  Rasmussen contends that, at the earliest, his claim accrued in November 2005, when the insurance carrier denied his appeal and provided the notice required by 29 C.F.R. § 2560.503-1(g)(1)(iv).

Assuming arguendo that the March 7, 2005, letter was a denial of benefits, an issue remains as to whether the limitations period should be equitably tolled from March 2005 until November 2005 because of the lack of notice regarding Rasmussen's administrative and judicial remedies.  The Eighth Circuit has not addressed whether defective notice is grounds for equitable tolling.  At least one court of appeals has held that defective notice under 29 C.F.R. § 2560.503-1(g) is grounds for equitable tolling, but not if the plaintiff was aware of his right to bring a cause of action.  Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 324-26 (2d Cir. 2004).  If the limitations period for Rasmussen's ERISA denial-of-benefits claims is tolled until November 2005, then Counts Two and Three of the Amended Complaint, which were first asserted in September 2007, are timely under the applicable two-year limitations period.  The Court finds that development of the facts through discovery is necessary before deciding whether the limitations period for Rasmussen's ERISA denial-of-benefits claims should be equitably tolled from March 2005 until November 2005.

---

[6] 29 C.F.R. § 2560.503-1(g)(1)(iv) is a Department of Labor regulation that implements ERISA § 503.

**IV. CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant Andersen Corporation's Motion to Dismiss [Docket No.

3] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 4, 2008.